**Appeal Dismissed and Memorandum Opinion filed January 26, 2021.**



In The

# Fourteenth Court of Appeals

### NO. 14-20-00815-CV

## IN THE INTEREST OF G.S.C., A CHILD

**On Appeal from the 245th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2013-47425**

## MEMORANDUM OPINION

This is an attempted appeal from an order signed October 29, 2020 denying appellant Marcus Jacquot's request for a de novo hearing.

Generally, appeals may be taken only from final judgments. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). When orders do not dispose of all pending parties and claims, the orders remain interlocutory and unappealable until final judgment is rendered unless a statutory exception applies. *Bally Total Fitness Corp. v. Jackson*, 53 S.W.3d 352, 352 (Tex. 2001); *Jack B. Anglin Co., Inc. v. Tipps*, 842 S.W.2d 266, 272 (Tex. 1992) (orig. proceeding). No statutory exception permits

an interlocutory appeal from an order denying a request for a de novo hearing.[1]

On December 29, 2020, notification was transmitted to the parties of this court's intention to dismiss the appeal for want of jurisdiction unless appellant filed a response demonstrating grounds for continuing the appeal on or before January 8, 2021. *See* Tex. R. App. P. 42.3(a). Appellant did not file a response in this appeal; instead, he filed a petition for writ of mandamus regarding the same order. *See* No. 14-21-00022-CV, *In re Jacquot*.

This appeal is dismissed for want of jurisdiction. Appellant's motion to consolidate and motion to extend time to pay for the record are both denied as moot.

PER CURIAM

Panel consists of Justices Bourliot, Zimmerer, and Spain.

---

[1] Section 201.016 of the Texas Family Code provides that a party's failure to request a de novo hearing or waiver of the right to request a de novo hearing does not deprive that party of the right to appeal. Tex. Fam. Code § 201.106(a). That section does not create a right of appeal the denial of a de novo section.